UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STATE OF CONNECTICUT,
    Plaintiff,

    v.                                                3:17cv796 (WWE)

SCOTT PRUITT and
THE UNITED STATES
ENVIRONMENTAL,
    Defendants.

## RULING ON MOTION TO INTERVENE

Pursuant to Federal Rule of Civil Procedure 24 and 42 U.S.C. § 7604(b)(1)(B), the Sierra Club and Connecticut Fund for the Environment move to intervene in this action asserting violations of the Clean Air Act based on emissions from Brunner Island Steam Electric Station in Pennsylvania. For the following reasons, the Court will grant the motion to intervene.

## Background

The Clean Air Act provides that states and downwind political subdivisions can petition the EPA to (1) find that a polluter in an upwind state is causing air quality problems in the downwind state; and (2) require the polluter to reduce its air pollution. On June 1, 2016, Connecticut petitioned the EPA to make a finding that Brunner Island is emitting air pollutants that significantly contribute to nonattainment or interfere with maintenance of the 2008 ozone National Ambient Air Quality standards in Connecticut. Pursuant to 42 U.S.C. § 7426(b), the EPA was required to make the requested finding or deny the petition within 60 days, or by July 31, 2016. On July 25, 2016, the EPA announced in the Federal Register that it was granting itself a six-month extension, until January 25, 2017, to take action on the petition. The EPA represented that the

additional time was necessary for the EPA to complete its "notice-and-comment rulemaking" and public hearing on the petition.   81 Fed. Reg. 48,348 (July 25, 2016). However, to date, the EPA has not made the requested finding or denied the petition; it has failed to hold a public hearing or propose a draft petition response for public comment.

## DISCUSSION

Rule 24(a)(2) provides that a movant must (1) file a timely application; (2) show an interest in the action; (3) demonstrate that the interest may be impaired by the disposition of the action; and (4) show that the interest is not protected adequately by the parties to the action.   United States v. City of New York, 198 F.3d 360, 364 (2d Cir. 1999).   A motion for intervention as of right will be denied unless all four requirements are met.   United States v. Pitney Bowes, Inc., 25 F.3d 66, 70 (2d Cir. 1994).

The movant bears the burden of demonstrating that it meets the requirements for intervention.   Kamdem-Ouaffo v. Pepsico, Inc., 314 F.R.D. 130, 133 (S.D.N.Y. 2016). The Court should accept as true the non-conclusory allegations of the motion and consider that each case is highly fact specific.   Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams., 262 F.R.D. 348, 352 (S.D.N.Y. 2009).

### Timelines

Timeliness factors to consider include: "(a) the length of time the applicant knew or should have known of its interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to the applicant if the motion is denied; and (d) the presence of unusual circumstances militating for or against a finding

of timeliness.   In re Holocaust Victim Assets Litig., 225 F.3d 191, 198 (2d Cir. 2000). Movants have filed a timely application for intervention prior to defendant's filing of an answer and the commencement of discovery.   Defendants have not contested that the timeliness requirement has been met.

### Interest that May be Impaired

To satisfy intervention as of right, movants must have an interest that is "direct, substantial and legally protectable."   Patton Boggs LLP v. Chevron Corp., 2016 WL 7156593, at *6 (S.D.N.Y. Dec. 7, 2016).

Movants assert that the air pollution from Brunner's Island harms the movants' members in Pennsylvania, Maryland, Delaware, New Jersey and New York; that they will continue to suffer injury from the ozone-causing pollution emitted by Brunner Island until the EPA responds to the petition; and that they have an interest in the public process required by the Clean Air Act of the EPA.   Additionally, they argue that the EPA's failure to complete its notice-and-comment rulemaking process and to convene a public hearing impairs the procedural rights of movants' members.

Movants point out their member's interest will be affected by a Court decision (1) if the petition is granted with requirements as to emissions limitations or a shut-down of the facility; (2) if the Court sets a date by which the EPA is required to respond to the petition; and (3) if the Court requires the EPA to hold hearings at specific venues and times.   Accordingly, the Court finds that movants have satisfied the requirement of showing an interest in asserted Clean Air Act violations and that the Court's decision with regard to the petition could impair that interest.

**Adequacy**

Generally, intervention should be granted unless the interests of existing parties are "so similar to those of the movant" so as to assure adequacy.  Brennan v. New York City Bd. of Educ., 260 F.3d 123, 132-33 (2d Cir. 2001).   "Where there is an identity of interest between a putative intervenor and a party, adequate representation is assured."  Washington Elec. Co-op, Inc. v. Massachusetts Mun. Wholesale Elec. Co., 922 F.2d 92, 98 (2d Cir. 1990).   Although the burden of showing inadequacy is minimal, the Second Circuit applies a more rigorous showing of inadequacy in cases where the putative intervenor and a named party have the same ultimate objective. Securities Investor Protection Corp. v. Bernard L. Maddoff Investment Securities LLC, 550 B.R. 241, 253 (S.D.N.Y. 2016).   In such instances, the movant must rebut the presumption of adequate representation by the named party in the action.   Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171, 179 (2d Cir. 2001).

Defendants assert that the State of Connecticut and the movants share the same ultimate objective of obtaining a Court order finding liability and requiring the EPA to act.

Movants assert they are seeking specific conditions that differ from those sought by Connecticut in terms of timing and location of public hearings.   Movants seek an order compelling EPA to respond to the petition and hold a public hearing within 60 days, while Connecticut has requested that the EPA act "by dates certain."

Movants also maintain that they have an interest in advocating on behalf of all of their members affected by Brunner Island's air quality impact, many of whom are not located in Connecticut; by contrast, Connecticut, a government entity, has alleged that it

4

"brings this action on behalf of its citizens and its residents."  Accordingly, the Court finds that the movants have shown that their interest will not be adequately represented by the state of Connecticut in this action.  The Court will grant the motion to intervene as of right.

### Permissive Intervention

Even assuming in the alternative that intervention as of right is improper, permissive intervention is still appropriate.  Rule 24(b) provides that a Court has discretion to grant permissive intervention when the intervenor "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b). "Permissive intervention is appropriate in circumstances in which intervention would not unduly delay or prejudice the adjudication of the original parties' rights."  Mejia v. Time Warner Cable Inc., 2017 WL 3278926, at *17 (S.D.N.Y. August 1, 2017).  "Additional relevant factors include: (1) the nature and extent of the intervenors' interests, (2) the degree to which those interests are adequately represented by other parties, and (3) whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented."  Id.  The Court has already discussed the nature of the interests and adequacy of representation. In this instance, the movants' expertise in dealing with issues concerning air pollution will significantly assist the Court with resolution of this matter.  The Court finds no basis for a concern that movants' intervention would cause prejudice or delay.  Accordingly, the motion for intervention will be granted.

5

**Conclusion**

For the foregoing reasons, the motion to intervene [doc. #8] is GRANTED.  The clerk is instructed to docket the attached intervenor complaint.

                                      /s/Warren W. Eginton
                                      WARREN W. EGINTON
                                      SENIOR UNITED STATES DISTRICT JUDGE

Dated at Bridgeport, Connecticut this 1st day of September, 2017.