UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STATE OF CONNECTICUT,
   Plaintiff,

SIERRA CLUB and Connecticut
FUND FOR THE ENVIRONMENT,
   Intervenor-Plaintiffs
     v.                           3:17cv796 (WWE)

SCOTT PRUITT and
THE UNITED STATES
ENVIRONMENTAL PROTECTION
AGENCY ("EPA"),
   Defendants.

### RULING ON MOTIONS FOR SUMMARY JUDGMENT AND MOTION CONCERNING REMEDY

This action concerns plaintiff State of Connecticut's petition to the defendant EPA pursuant to the Clean Air Act ("CAA") concerning emissions from Brunner Island Steam Electric Station in Pennsylvania. Plaintiff State of Connecticut and intervenor-plaintiff Connecticut Fund for the Environment seek summary judgment based on defendant EPA and EPA Administrator Scott Pruitt's failure to act on the petition. Defendants, who admit to liability due to their failure to act, have filed a motion concerning remedy.

For the following reasons, the Court will grant plaintiff State of Connecticut and intervenor-plaintiff Connecticut Fund for the Environment's motions for summary judgment, and it will deny defendants' motion concerning remedy.

### BACKGROUND

The parties have submitted factual statements that reflect that the following facts are not in dispute.

The CAA provides that states and downwind political subdivisions can petition

the EPA to (1) find that a polluter in an upwind state is causing air quality problems in the downwind state; and (2) require the polluter to reduce its air pollution. 42 U.S.C. § 7426(b).

On June 1, 2016, Connecticut filed its petition pursuant to Section 126(b) of the CAA for the EPA to make a finding that Brunner Island is emitting air pollutants that significantly contribute to nonattainment or interfere with maintenance of the 2008 ozone National Ambient Air Quality standards in Connecticut.

Pursuant to 42 U.S.C. § 7426(b), the EPA was required to make the requested finding or deny the petition within 60 days, or by July 31, 2016. On July 25, 2016, the EPA announced in the Federal Register that it was granting itself a six-month extension, until January 25, 2017, to take action on the petition. The EPA represented that the additional time was necessary for the EPA to complete its "notice-and-comment rulemaking" and to hold a public hearing on the petition. 81 Fed. Reg. 48,348 (July 25, 2016). However, to date, the EPA has not made the requested finding or denied the petition; it has failed to hold a public hearing or propose a draft petition response for public comment.

In a letter dated March 9, 2017, plaintiff provided the EPA with notice of its intent to sue. Plaintiff served defendants with the instant complaint on March 22, 2017.

## **DISCUSSION**

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment

proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. Am. Int'l Group, Inc. v. London Am. Int'l Corp., 664 F. 2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Liberty Lobby, 477 U.S. at 24.

The parties do not contest that defendants are required by statute to take action either granting or denying the petition and that the authorized time period for so acting has expired. Thus, liability is not contested, and the parties request the Court to determine the appropriate remedy relevant to the deadlines for the EPA to take action on the petition. Specifically, plaintiff State of Connecticut requests that the Court order that the EPA must hold a public hearing and issue a final decision within the 60-day time period.

This parties do not contest that (1) this Court has jurisdiction pursuant to the CAA Section 304(a)(2), or (2) that the Court has discretion to determine an equitable remedy when an agency fails to meet its statutorily mandated deadline. Nat. Res. Def. Council v. Southwest Marine, Inc., 236 F.3d 985, 999-100 (9th Cir. 2000). The Court has only

3

discretion to fashion a remedy that comports with the express congressional intent. Sierra Club v. McCarthy, 2015 WL 3666419, at *3 (N.D. Cal. 2015). Thus, if Congress had established a statutory timeframe for compliance, the Court's equitable remedy should generally reflect the same timeframe previously set by Congress. Sierra Club v. Thomas, 658 F. Supp. 165, 171 (N.D. Cal. 1987). At the same time, the Court should consider whether the statutory deadline is impossible or infeasible. Id. See Nat. Res. Def. Council, Inc. v. Train, 510 F.2d 692, 713 (D.C. Cir. 1974). The Court should consider whether budgetary or employee demands are beyond the agency's capacity and whether the agency requires more time to evaluate complex technical issues. Thomas, 658 F. Supp. at 171. Defendants bear a heavy burden of showing impossibility of compliance. Alabama Power Co. v. Costle, 636 F.2d 323, 359 (D.C. Cir. 1979).

Section 126(b) provides: "Within 60 days after receipt of any petition under this subsection and after public hearing, the Administrator shall make such a finding or deny the petition." 42 U.S.C. § 7426(b). "This language demonstrates that the EPA must act quickly on a Section 126(b) petition…." GenOn REMA, LLC v. EPA, 722 F.3d 513, 520 (3rd Cir. 2013). The legislative history to CAA indicates that the Section 126(b) "petition process is intended to expedite, not delay, resolution of interstate pollution conflicts." New York v. Ruckelshaus, 1984 WL 13953, at *3 (D.D.C. Oct. 5, 1984).

Defendants have requested that the Court set December 31, 2018, as the deadline for its final agency action, with proposed agency action on May 31, 2018, and a hearing on July 2, 2018.

4

In support of the assertion that a deadline of December 31, 2018, is necessary, defendants have submitted the affidavit of Stephen Page, who was then Director of the Office of Air Quality Planning and Standards, Office of Air and Radiation at the EPA. His affidavit indicates that his staff has already initiated staff-level review of the petition and preliminarily reviewed the modeling to determine the technical credibility of the model inputs, modeling process, and whether the results substantiate petitioner's contention regarding emissions from Brunner Island. He represents that competing demand on the EPA air program resources impede the progress of acting on the petition in accordance with the time period that Congress determined to be appropriate. Despite the priority set by Congress for review and decision on Section 126(b) petitions, Page states that compliance with its statutory 60-day deadline would "jeopardize completion of the many other important mandatory duties that the EPA is already obligated to complete by the end of this fiscal year (i.e., by September 30, 2018)."

Intervenor-plaintiff Connecticut Fund for the Environment has submitted the affidavit of Lyle Chinkin, who served as an EPA peer reviewer of the EPA particulate matter National Ambient Air Quality Standards Criteria Document and was the project manager and co-author of the EPA national guidance document on the preparation of emission inputs for photochemical air quality simulation models. Based on his experience with the EPA and his work in the area of air quality, including computerized modeling simulations relative to emissions, he opines that the EPA could act upon the State of Connecticut's petition within 60 days. His affidavit notes that EPA's 2011 modeling platform is complete and is the basis of the modeling relied upon in the

petition filed by the State of Connecticut. Accordingly, he submits that a new modeling platform is not necessary for the EPA to review the petition. He sets forth that preparing specific emissions input data would take about one week for an experienced modeler; and that analyzing the modeling results should take one to two weeks.

Defendants justify the need for almost a year extension to complete review of the petition on the "many other important mandatory duties that the EPA is already obligated to complete by the end of this fiscal year." Defendants also indicate that the extended time period is necessary to ensure a thorough evaluation and a sound decision. However, agency compliance more than two years after the filing of the petition is clearly at odds with period of time that Congress deemed appropriate for EPA review of a Section 126(b) petition. Defendants' proposed schedule contravenes the congressional intent that EPA "act quickly on a Section 126(b) petition." See GenOn REMA, 772 F.3d at 520.

Defendants have not sustained their heavy burden of demonstrating the impossibility or infeasibility of complete review of the petition within the 60-day period accorded as appropriate by Congress. As the Court observed in Ruckelshaus: "That the Act directs the Administrator to promulgate regulations within sixty days shows that Congress did not expect defendant to resolve every potential problem before issuing a final decision." 1984 WL 13953, at *3. Defendants have already commenced review on this petition, and EPA has another Section 126(b) petition regarding Brunner Island pending, which should facilitate prioritizing work on this petition.

Accordingly, the Court will grant the motions for summary judgment filed by

plaintiff State of Connecticut and intervenor-plaintiff Connecticut Fund for the Environment. In fashioning the remedy, the Court will set the following schedule for completion of the petition review: A public hearing on a proposed decision should be held within 30 days of this ruling's filing date; and final action making the requested finding or denying the Section 126(b) petition should be issued within 60 days of this ruling's filing date. The Court will retain jurisdiction over this matter. Defendants' motion concerning remedy will be denied.

## **CONCLUSION**

For the foregoing reasons, the motions for summary judgment [docs. 36 and 39] are GRANTED. The Motion Concerning Remedy is DENIED. Accordingly, the Court finds that defendants are in violation of 42 U.S.C. § 7426(b) for failing to take final action on the State of Connecticut's petition within the 60-day deadline. EPA is instructed to hold a public hearing on a proposed decision within 30 days of this ruling's filing date; and to take final action making the requested finding or denying the Section 126(b) petition within 60 days of this ruling's filing date.

The Court retains jurisdiction over this matter. Accordingly, this case will not be closed until the parties provide notice that defendants' have completed review of the petition.

      /s/Warren W. Eginton
     WARREN W. EGINTON
     SENIOR UNITED STATES DISTRICT JUDGE

Dated at Bridgeport, Connecticut this 7th day of February, 2018.